E-FILED
Thursday, 15 June, 2006  03:31:10 PM
Clerk, U.S. District Court, ILCD

FILED

JUN 1 5 2006

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

SUSAN L. SIMMONS,              )
                               )
        Plaintiff,             )
                               )        Case No.  06-1152
v.                             )
                               )
WAL-MART STORES, INC.,         )
                               )
        Defendant.             )

## NOTICE FOR REMOVAL

Defendant, Wal-Mart Stores, Inc. ("Wal-Mart"), by and through its attorneys, DeFranco & Bradley, P.C., respectfully shows to this Court:

1.    That there is commenced and is now pending in the Circuit Court for the Sixth Judicial Circuit, Macon County, Illinois, a certain civil action designated as No. 05-L-99, in which the above-named plaintiff, Susan L. Simmons ("Simmons"), is plaintiff and Wal-Mart Stores, Inc. and "all unknown owners of 2225 West Market Street, Bloomington, Illinois 61701" are defendants.

2.    That said action involves claims under the theory of negligence against each defendant. Plaintiff alleged that the actions and/or omissions of defendants caused bodily injury to plaintiff and requests in excess of $50,000.00 on each of the two counts.

3.    That plaintiff alleged that she "sustained severe and permanent physical injuries, which injuries have caused severe pain and will continue in the future to cause pain and suffering; plaintiff is unable to attend to her daily tasks and continues to be unable to attend to her daily tasks following the aforesaid injuries; plaintiff has incurred medical bills, hospital bills, pharmacy bills, and other related bills in order to help

alleviate the physical problems which she sustained and will in the future be required to expend additional sums for these services to help alleviate the condition caused by the accident; plaintiff has been and will in the future be unable to pursue her business employment and occupation in the same manner and to the same extent as she would have had she not been injured as aforesaid, by reason whereof she has been deprived of great profits and wages."

4.     Discovery in this case, including documents Bates-stamped SIMMM0000001-628, which include medical records and billing records from Dr. Trudeau, Dr. Fletcher, Dr. Dold, St. Mary's Hospital, Community Health Improvement Center, SIU School of Medicine, Memorial Medical Center, and St. Joseph's Medical Center reveal that plaintiff has incurred at least $28,052 in treating the injuries allegedly sustained as a result of the incident at Wal-Mart on July 29, 2003. Plaintiff allegedly sustained severe and permanent injuries including reflex sympathetic dystrophy, disc desiccation, disc bulging, straightening of the cervical lordosis, posterior spurring, and spinal canal stenosis throughout plaintiff's back. (Bates-stamped SIMMM0000190-462). Defendant received plaintiff's medical bills for treatment allegedly as a result of the July 29, 2003 incident at Wal-Mart in response to a subpoena served on plaintiff's medical providers and the medical bills were mostly received between May 23, 2006 and June 6, 2006.

5.     Defendant served a request to admit on plaintiff seeking to determine the amount in controversy and requesting plaintiff admit that the amount in controversy did not exceed $75,000.00, exclusive of interest and costs. Plaintiff improperly objected to the request to admit. *See Meridian Security Ins. Co. v. Sadowski,* 441 F.3d 536, 541 (7th

Cir. 2006) (holding that the removing defendant, as the proponent of federal jurisdiction, must establish what the plaintiff stands to recover and the Seventh Circuit has suggested several ways in which this may be done including "by contentions interrogatories or admissions in state court, by calculation from the complaint's allegations, by reference to the plaintiff's informal estimates or settlement demands, or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands." (Internal citations omitted)). In addition to the request to admit, defendant served interrogatories on plaintiff pursuant to Illinois Supreme Court Rule 213 and seeking the total amount of damages that plaintiff is seeking in the lawsuit as permitted by § 2-604 of the Illinois Code of Civil Procedure (735 ILCS 5/2-604). Specifically, defendant sought the total amount of damages that plaintiff is seeking for wage loss, past and future medical costs, other economic costs, disability, disfigurement, and non-economic loss. To date, plaintiff has failed to answer the contentions interrogatory regarding the amount in controversy, specifically authorized by the Illinois Code of Civil Procedure. The Seventh Circuit Court of Appeals explicitly recognized the right of a defendant to use contention interrogatories or requests to admit to determine the amount in controversy and plaintiff failed to comply with or answer either the contentions interrogatories or requests to admit.

6.    Based on the 628 pages of medical records and medical billings totaling at least $28,052 as well as plaintiff's allegations of permanent injuries including RSD and permanent back injuries and allegations of lost earning capacity, defendant asserts to the Court that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Defendant attached copies of medical bills from St. Mary's Hospital, Safeworks,

Community Health Improvement Center, SIU School of Medicine, St. Joseph's Medical Center, Dr. Dold, and Memorial Medical Center Bates-stamped collectively as SIMMM0000134-166, 476-484, and 606-655.

7.    That said action involves a controversy between citizens of different states.

8.    Plaintiff is now and was at the commencement of this action, a citizen of the State of Illinois.

9.    Defendant Wal-Mart is not now and was not at the time of the commencement of this action a corporation organized under the laws of the State of Illinois and did not and does not have its principal place of business in the State of Illinois. Rather, defendant Wal-Mart is a corporation organized under the laws of the State of Delaware with its principal place of business in Arkansas.

10.    That said action is one in which the District Court of the United States is given original jurisdiction under pursuant to 28 U.S.C. § 1332(a).

11.    Pursuant to 28 U.S.C. § 1446(b), this notice of removal is being filed within thirty days of receipt of an "other paper," specifically medical billings from plaintiff's medical providers.

12.    Venue lies in the United States District Court for the Central District of Illinois pursuant to 28 U.S.C. § 1446(a).

13.    This action is removable to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 and defendant specifically requests this Court exercise jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

14.     Written notice of the filing of this notice of removal was hereby given to all parties.

15.     A notice of filing of the notice of removal with a copy of the notice of removal attached will be filed promptly with the clerk of the state court.

16.     This action was previously removed and assigned case number 05-1377 in the United States District Court for the Central District of Illinois on December 2, 2005. A copy of all process and pleadings filed between April 21, 2006 and the date of removal are attached in accordance with  28 U.S.C. § 1446(a).

WHEREFORE, defendant desires to remove this case to the United States District Court for the Central District of Illinois and hereby requests that the filing of this notice of removal shall effect the removal of said civil action to this Court.

**DEFENDANT DEMANDS TRIAL BY JURY**.

DeFRANCO & BRADLEY, P.C.

By _____
        James E. DeFranco, #06181134
        Cody S. Moon, #06280657
        785 Wall Street, Suite 200
        O'Fallon, IL 62269
        (618) 628-2000
        (618) 628-2007 Fax
        ATTORNEYS FOR DEFENDANT

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| SUSAN L. SIMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. _____ |
| v. | ) | |
| | ) | |
| WAL-MART STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **AFFIDAVIT**

| | |
|---|---|
| STATE OF ILLINOIS | ) |
| | ) SS |
| COUNTY OF ST. CLAIR | ) |

Cody S. Moon, being duly sworn upon his oath, deposes and states that he is an attorney for defendant Wal-Mart Stores, Inc. herein, that he has read the foregoing Notice for Removal and believes it to be true, and that he makes this affidavit as an agent authorized to execute same on behalf of defendant.

_____
CODY S. MOON

SUBSCRIBED AND SWORN TO before me this 13 day of June , 2006.


_____
Notary Public

* OFFICIAL SEAL *
MEGAN R. CANTWELL
Notary Public, State of Illinois
My Commission Exp 08/15/09

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| SUSAN L. SIMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. _____ |
| v. | ) | |
| | ) | |
| WAL-MART STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### CERTIFICATE OF SERVICE

Cody S. Moon, after being duly sworn upon his oath, deposes and states that he is an attorney for defendant Wal-Mart Stores, Inc. in the above-entitled cause; that on the _____13_____ day of ____June____, 2006, he sent by United States mail, properly addressed, with the requisite amount of United States postage thereon, is a secure envelope, a Notice, a copy of which is attached hereto, to Todd A. Bresney, Esq. KANOSKI & ASSOCIATES, 237 E. Front Street, Bloomington, IL 61701, attorney for plaintiff in the above-captioned cause, and that attached to said Notice was a copy of Notice for Removal.

Affiant further says that on the _____13_____ day of ____June____, 2006, a copy of the Notice for Removal filed herein was also sent, in a secure envelope, by United States mail, properly addressed, with the requisite amount of United States postage thereon, for filing to: Clerk of the Circuit Court, Macon County Courthouse, 253 East Wood Street, Decatur, IL 62523, IL.

_____
CODY S. MOON

SUBSCRIBED AND SWORN TO before me this 13 day of ____June____, 2006.

_____
Notary Public

* OFFICIAL SEAL *
MEGAN R. CANTWELL
Notary Public, State of Illinois
My Commission Ex. 15/09

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| SUSAN L. SIMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. _____ |
| v. | ) | |
| | ) | |
| WAL-MART STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE

TO:    Clerk of Macon County, IL
        Todd Bresney, Esq.

YOU ARE HEREBY NOTIFIED that defendant Wal-Mart Stores, Inc. did on the ___13___ day of ___June___, 2006, file in the United States District Court for the Central District of Illinois, a Notice for Removal, together with copies of all process, pleadings and orders served upon them in a certain civil action pending in the Circuit Court for the Sixth Judicial Circuit, Macon County, Illinois, Cause No. 05-L-99.

DeFRANCO & BRADLEY, P.C.

By _____
        James E. DeFranco, #06181134
        Cody S. Moon, #6280657
        785 Wall Street, Suite 200
        O'Fallon, IL 62269
        (618) 628-2000
        (618) 628-2007 Fax
        ATTORNEYS FOR DEFENDANT

# CIVIL COVER SHEET

E-FILED
Thursday, 15, June, 2006, 03:31:19 PM
Clerk, U.S. District Court, ILCD

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Susan L. Simmons | Wal-Mart Stores, Inc. |

| (b) County of Residence of First Listed Plaintiff _____ <br> (EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant _____ <br> (IN U.S. PLAINTIFF CASES ONLY) <br> NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE <br> LAND INVOLVED. |
|---|---|
| (c) Attorney's (Firm Name, Address, and Telephone Number) <br> Todd A. Bresney, Kanoski & Associates, 237 E. Front Street, Bloomington, IL 61701 309-829-5700 | Attorneys (If Known) <br> Cody S. Moon, DeFranco & Bradley, P.C., 785 Wall St., Ste. 200, O'Fallon, IL 62269 (618) 628-2000 |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

□ 1  U.S. Government     □ 3  Federal Question
     Plaintiff                (U.S. Government Not a Party)

□ 2  U.S. Government     ■ 4  Diversity
     Defendant               (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ■ 1 | □ 1 | Incorporated or Principal Place of Business In This State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business In Another State | □ 5 | ■ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| □ 110 Insurance <br> □ 120 Marine <br> □ 130 Miller Act <br> □ 140 Negotiable Instrument <br> □ 150 Recovery of Overpayment & Enforcement of Judgment <br> □ 151 Medicare Act <br> □ 152 Recovery of Defaulted Student Loans (Excl. Veterans) <br> □ 153 Recovery of Overpayment of Veteran's Benefits <br> □ 160 Stockholders' Suits <br> □ 190 Other Contract <br> □ 195 Contract Product Liability <br> □ 196 Franchise | **PERSONAL INJURY** <br> □ 310 Airplane <br> □ 315 Airplane Product Liability <br> □ 320 Assault, Libel & Slander <br> □ 330 Federal Employers' Liability <br> □ 340 Marine <br> □ 345 Marine Product Liability <br> □ 350 Motor Vehicle <br> □ 355 Motor Vehicle Product Liability <br> □ 360 Other Personal Injury | **PERSONAL INJURY** <br> □ 362 Personal Injury - Med. Malpractice <br> □ 365 Personal Injury - Product Liability <br> □ 368 Asbestos Personal Injury Product Liability <br> **PERSONAL PROPERTY** <br> □ 370 Other Fraud <br> □ 371 Truth in Lending <br> □ 380 Other Personal Property Damage <br> □ 385 Property Damage Product Liability | □ 610 Agriculture <br> □ 620 Other Food & Drug <br> □ 625 Drug Related Seizure of Property 21 USC 881 <br> □ 630 Liquor Laws <br> □ 640 R.R. & Truck <br> □ 650 Airline Regs. <br> □ 660 Occupational Safety/Health <br> □ 690 Other | □ 422 Appeal 28 USC 158 <br> □ 423 Withdrawal 28 USC 157 <br> **PROPERTY RIGHTS** <br> □ 820 Copyrights <br> □ 830 Patent <br> □ 840 Trademark <br> **SOCIAL SECURITY** <br> □ 861 HIA (1395ff) <br> □ 862 Black Lung (923) <br> □ 863 DIWC/DIWW (405(g)) <br> □ 864 SSID Title XVI <br> □ 865 RSI (405(g)) | □ 400 State Reapportionment <br> □ 410 Antitrust <br> □ 430 Banks and Banking <br> □ 450 Commerce <br> □ 460 Deportation <br> □ 470 Racketeer Influenced and Corrupt Organizations <br> □ 480 Consumer Credit <br> □ 490 Cable/Sat TV <br> □ 810 Selective Service <br> □ 850 Securities/Commodities/ Exchange <br> □ 875 Customer Challenge |
| **REAL PROPERTY** <br> □ 210 Land Condemnation <br> □ 220 Foreclosure <br> □ 230 Rent Lease & Ejectment <br> □ 240 Torts to Land <br> □ 245 Tort Product Liability <br> □ 290 All Other Real Property | **CIVIL RIGHTS** <br> □ 441 Voting <br> □ 442 Employment <br> □ 443 Housing/ Accommodations <br> □ 444 Welfare <br> □ 445 Amer. w/Disabilities - Employment <br> □ 446 Amer. w/Disabilities - Other <br> □ 440 Other Civil Rights | **PRISONER PETITIONS** <br> □ 510 Motions to Vacate Sentence <br> **Habeas Corpus:** <br> □ 530 General <br> □ 535 Death Penalty <br> □ 540 Mandamus & Other <br> □ 550 Civil Rights <br> □ 555 Prison Condition | **LABOR** <br> □ 710 Fair Labor Standards Act <br> □ 720 Labor/Mgmt. Relations <br> □ 730 Labor/Mgmt.Reporting & Disclosure Act <br> □ 740 Railway Labor Act <br> □ 790 Other Labor Litigation <br> □ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** <br> □ 870 Taxes (U.S. Plaintiff or Defendant) <br> □ 871 IRS—Third Party 26 USC 7609 | □ 890 Other Statutory Actions <br> □ 891 Agricultural Acts <br> □ 892 Economic Stabilization Act <br> □ 893 Environmental Matters <br> □ 894 Energy Allocation Act <br> □ 895 Freedom of Information Act <br> □ 900 Appeal of Fee Determination Under Equal Access to Justice <br> □ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

□ 1 Original Proceeding
■ 2 Removed from State Court
□ 3 Remanded from Appellate Court
□ 4 Reinstated or Reopened
□ 5 Transferred from another district (specify)
□ 6 Multidistrict Litigation
□ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

□ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23     DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ■ Yes  □ No

## VIII. RELATED CASE(S) IF ANY

(See instructions)    JUDGE _____    DOCKET NUMBER _____

DATE     June 13, 2006

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**E-FILED**
Friday, 16 June, 2006  09:57:19 AM
Clerk, U.S. District Court, ILCD

## IN THE CIRCUIT COURT OF THE SIXT JUDICIAL CIRCUIT
## MACON COUNTY, ILLINOIS

| | | |
|---|---|---|
| SUSAN L. SIMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Court No. 05-L-99 |
| v. | ) | |
| | ) | |
| WAL-MART STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**FILED**

**JUN 1 5 2006**

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT
### WITH DEMAND FOR TRIAL BY JURY

Defendant, Wal-Mart Stores, Inc., by and through its attorneys, DeFranco &

Bradley, P.C., and for its answer to plaintiff's complaint, states:

### COUNT I

1.      To the extent ¶ 1 of Count I of plaintiff's complaint sets forth conclusions

of law, no response is required.  To the extent that ¶ 1 of Count I sets forth allegations of

fact, defendant admits that it operated retail stores in the cities of Bloomington and

Decatur, Illinois at all times material herein, but denies the remaining allegations of fact

alleged in ¶ 1 of Count I of plaintiff's complaint.

2.      To the extent ¶ 2 of Count I of plaintiff's complaint sets forth conclusions

of law, no response is required.  To the extent that ¶ 2 of Count I sets forth allegations of

fact, defendant admits that it possessed and operated the premises located at 2225 West

Market Street, Bloomington, Illinois at all times material herein, but denies the remaining

allegations of fact alleged in ¶ 2 of Count I of plaintiff's complaint.

3.    Defendant lacks sufficient information to admit or deny the veracity of the allegations of fact contained in ¶ 3 of Count I of plaintiff's complaint, and threfore denies them.

4.    To the extent ¶ 4 of Count I of plaintiff's complaint sets forth conclusions of law, no response is required. Defendant denies any allegation of fact inconsistent with the duties imposed upon it by Illinois law.

5.    To the extent ¶ 5 of Count I of plaintiff's complaint sets forth conclusions of law, no response is required. Defendant denies any allegation of fact inconsistent with the duties imposed upon it by Illinois law.

6.    To the extent ¶ 6 of Count I of plaintiff's complaint sets forth conclusions of law, no response is required. Defendant denies any allegation of fact inconsistent with the duties imposed upon it by Illinois law.

7.    Defendant denies the allegations of ¶ 7 of Count I of plaintiff's complaint and each and every subparagraph thereof.

8.    Defendant denies the allegations contained in ¶ 8 of Count I of plaintiff's complaint.

9.    Defendant denies the allegations contained in ¶ 9 of Count I of plaintiff's complaint.

## ADDITIONAL DEFENSES

1.    Further answering, defendant states that plaintiff's complaint fails to state a claim upon which relief may be granted.

2.    Further answering, without waiving its denial of liability to plaintiff, defendant states that the sole proximate cause of any injuries sustained by plaintiff was

2

plaintiff's own conduct in failing to keep a proper lookout and exercise due care for plaintiff's own safety.

3.    Further answering, in the alternative, and without waiving its denial of liability, defendant states that plaintiff was contributorily negligent for the reasons set forth above, and that plaintiff should be barred from recovering damages because plaintiff's contributory fault is more than 50% of the proximate cause of the injury or damage for which recovery is sought, pursuant to § 2-1116 of the Code of Civil Procedure (735 ILCS 5/2-1116). In the further alternative, defendant states that if the trier of fact finds that the contributory fault on the part of plaintiff is not more than 50% of the proximate cause of the injury or damage for which recovery is sought, any damages should be diminished in the proportion to the amount of fault attributable to the plaintiff pursuant to Sec. 2-1116 of the Code of Civil Procedure (735 ILCS 5/2-1116).

4.    Further answering, in the alternative, without waiving its denial of liability, defendant states that defendant's liability, if any, is less than 25% of the total fault attributable to the plaintiff, the defendants sued by the plaintiff, and any third-party defendant who could have been sued by the plaintiff, and that defendant is not liable to plaintiff for more than the fault, if any, determined by the trier of fact of plaintiff's damages other than past and future medical and medically related expenses pursuant to Sect. 2-1117 of the current Code of Civil Procedure (735 ILCS 5/ 2-1117).

5.    Further answering, in the alternative, without waiving its denial of liability, defendant states that plaintiff failed to mitigate plaintiff's claimed damages and is precluded from recovery for any claimed damages which were caused by plaintiff's failure to mitigate damages.

**DEFENDANT DEMANDS TRIAL BY JURY**

3

## COUNT II

Defendant, Wal-Mart Stores, Inc., makes no answer to Count II as it is not directed against Wal-Mart. Defendant denies any allegation of fact in Count II directed against it not specifically admitted in this answer.

DeFRANCO & BRADLEY, P.C.

By
Cody S. Moon, #6280657
785 Wall Street, Suite 200
O'Fallon, IL 62269
(618) 628-2000
(618) 628-2007 Fax
ATTORNEY FOR DEFENDANT
WAL-MART STORES, INC.

4

## PROOF OF SERVICE

The undersigned certifies that a copy of the attached document was mailed First

Class, postage prepaid, on the _____ 10 _____ day of May , 2006, to each of the following:

Todd A.Bresney, Esq.
KANOSKI & ASSOCIATES
2730 S. MacArthur
Springfield, IL  62702
(217) 523-7742

DeFRANCO & BRADLEY, P.C.

By _____
    Cody S. Moon, #6280657
    785 Wall Street, Suite 200
    O'Fallon, IL 62269
    (618) 628-2000
    (618) 628-2007 Fax
    ATTORNEYS FOR DEFENDANT

E-FILED
Friday, 23 June, 2006 01:02:54 PM
Clerk, U.S. District Court, ILCD

**DeFRANCO & BRADLEY, P.C.**

785 Wall Street, Suite 200
O'Fallon, Illinois 62269

FILED

JUN 23 2006

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**JAMES E. DeFRANCO**
**DANIEL L. BRADLEY**
**CODY S. MOON**
**DANA E.VETTERHOFFER**
**ELIZABETH J. BARRINGER\***

Illinois and Missouri
Missouri\*

(618) 628-2000 (Telephone)
(618) 628-2007 (Facsimile)

E-mail:
codymoon@defrancolaw.com

June 19, 2006

U.S.D.C. for the Central District
309 U.S. Courthouse
100 N.E. Monroe Street
Peoria, IL 61602

Re:    *Susan L. Simmons v. Wal-Mart Stores, Inc.*
       Case No. 06-CV-1152
       Removed from Macon County, IL, Case No. 05-L-99

Dear Sir or Madam:

Enclosed please find a copy of the Complaint regarding the above-referenced matter.

Very truly yours,

DeFRANCO & BRADLEY, P.C.

Cody Moon (m.c.)

Cody S. Moon

CSM:mrc
Enc.

CHECKED BY

AUG 0 3 2005

SYSTEMS

*204/245*
*J3CISUE*
*KB*

## IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
## MACON COUNTY, ILLINOIS

| | |
|---|---|
| SUSAN L. SIMMONS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Court No. |
| | )  *05 L99* |
| WAL-MART STORES, INC., | ) |
| | ) |
| Defendant. | ) |

### SUMMONS

**TO:   Wal-Mart Stores, Inc.**
**c/o H. Lee Scott**
**702 SW 8th Street**
**Bentonville, AR 72716**

YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance in the office of the clerk of this court at the <u>Macon County Courthouse</u>, 253 East Wood, Decatur, IL 62523 within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the officer:

This summons must be returned by the officer or other persons to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

WITNESS, _____, 2005.

(Seal of Court)

_____
Clerk of Court

_____
Associate Circuit Clerk - Deputy

Name: Todd A. Bresney/Kanoski & Associates
Attorney for: Plaintiff
Address: 2730 S. MacArthur Blvd.
City: Springfield, IL 62704
Telephone: (217) 523-7742

Date of Service: _____, 2005

(To be inserted by officer on copy left with defendant or other person)

DEPUTY

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
MACON COUNTY, ILLINOIS

FILED
2005 JUL 25  A 9: 07

SUSAN L. SIMMONS,                )
                                 )
        Plaintiff,               )
                                 )
v.                               )   Court No.
                                 )   05 L99
WAL-MART STORES, INC.,           )
                                 )
        Defendant.               )

### COMPLAINT AT LAW

NOW COMES the Plaintiff, SUSAN L. SIMMONS, by and through her
attorneys, KANOSKI & ASSOCIATES, and for her cause of action against the
Defendant, WAL-MART STORES, INC., individually and d/b/a Walmart ("WAL-
MART"), and ALL UNKNOWN OWNERS of 2225 West Market Street, Bloomington,
IL 61701(ALL UNKNOWN OWNERS), states as follows:

#### Count I

1.      On information and belief, the Defendant, WAL-MART, was a duly
licensed and legal corporation conducting business in the cities of Bloomington and
Decatur in the State of Illinois at all material times herein.

2.      That at all times relevant to this cause of action, the Defendant, WAL-
MART, owned, possessed, operated, managed, maintained and controlled or had the duty
to possess, operate, manage, maintain and control, the premises located at 2225 West
Market Street within the city of Bloomington, county of McLean and State of Illinois.

3.      On or about July 29, 2003, Plaintiff, SUSAN L. SIMMONS, was
shopping at the Defendant, WAL-MART, premises located at 2225 West Market Street,
Bloomington, Illinois with the intention of perusing and possibly buying products offered
by the Defendant in exchange for monetary compensation and was therefore a business
invitee on the aforementioned premises.

4.      That at all relevant times herein, the Defendant, WAL-MART, by and
through its agents and employees, had a duty to use reasonable care under the

circumstances to keep the indoor pedestrian and customer walkways and aisles clean and dry and in a reasonably safe condition.

5. That at all relevant times herein, the Defendant, WAL-MART, by and through its agents and employees, had a duty to use reasonable care under the circumstances to reasonably warn patrons of hazardous and dangerous slippery conditions resulting from their efforts to maintain, clean and dry the indoor pedestrian and customer walkways and aisles on their premises.

6. That all relevant times herein, the Defendant, WAL-MART, well knowing its duties, carelessly and negligently caused and permitted said indoor pedestrian and customer walkways and aisles on their premises to become and remain in a slippery, dangerous and hazardous condition for persons using said premises, even though Defendant knew, or in the exercise or ordinary and reasonable care should have known, of said slippery, dangerous and hazardous condition.

7. That at the aforementioned time and place, the Defendant was guilty of one or more of the following careless and negligent acts and/or omissions:

        A. Carelessly and negligently attempted to clean a walkway or aisle on their premises by not completely drying the area after washing and waxing it, thereby creating a slippery and unsafe conditions for its customers and any other lawful invitee;

        B. Carelessly and negligently failed to place signs advising customers and any other lawful invitee in the store of the slippery, dangerous and hazardous condition of the floor;

        C. Carelessly and negligently failed to position an employee by the wet and damp area to warn customers and any other lawful invitee in the store of the dangerous, hazardous and slippery condition;

        D. Carelessly and negligently failed fully buff the water and wax from the aisles and walkways thereby leaving excess water and wax in an area known to be walked on by customers and any other lawful invitee;

        E. Carelessly and negligently failed to sufficiently dry mop the area in the aisle and walkway it cleaned so that it was free from excessive water and/or other cleaning materials that create a slippery, dangerous and hazardous condition on the floor;

2

F. Carelessly and negligently failed to cordon off the wet area so as not to expose customers and other lawful invitees and patrons to the slippery, dangerous and hazardous condition of its indoor floor.

8. As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, WAL-MART, individually and by and through its agents and employees, Plaintiff, SUSAN L. SIMMONS, walked on a hazardous and dangerously slippery wet floor while shopping and thereby was caused to slip and fall.

9. As a direct and proximate result of one or more of the aforesaid negligent acts or omissions of the Defendant, WAL-MART, Plaintiff, SUSAN L. SIMMONS, sustained severe and permanent physical injuries, which injuries have caused severe pain and will continue in the future to cause pain and suffering; Plaintiff is unable to attend to her daily tasks and continues to be unable to attend to her daily tasks following the aforesaid injuries; Plaintiff has incurred medical bills, hospital bills, pharmacy bills, and other related bills in order to help alleviate the physical problems which she sustained and will in the future be required to expend additional sums for these services to help alleviate the condition caused by the accident; Plaintiff has been and will in the future be unable to pursue her business employment and occupation in the same manner and to the same extent as she would have had she not been injured as aforesaid, by reason whereof she has been deprived of great profits and wages.

WHEREFORE, the Plaintiff, SUSAN L. SIMMONS, prays for judgment against the Defendant, WAL-MART STORES, INC., in an amount reasonable and equitable and in excess of $50,000.00 plus costs of suit.

**PLAINTIFF DEMANDS TRIAL BY A JURY OF TWELVE ON ALL COUNTS**

## Count II

1. On information and belief, the Defendant, ALL UNKNOWN OWNERS, was duly licensed and conducting business in the cities of Bloomington and Decatur in the State of Illinois at all material times herein.

2. That at all times relevant to this cause of action, the Defendant, ALL UNKNOWN OWNERS, owned, possessed, operated, managed, maintained and controlled or had the duty to possess, operate, manage, maintain and control, the premises

3

located at 2225 West Market Street within the city of Bloomington, county of McLean and State of Illinois.

      3.    On or about July 29, 2003, Plaintiff, SUSAN L. SIMMONS, was shopping at the Defendant, ALL UNKNOWN OWNERS, premises located at 2225 West Market Street, Bloomington, Illinois with the intention of perusing and possibly buying products offered by Walmart in exchange for monetary compensation and was therefore a business invitee on the aforementioned premises.

      4.    That at all relevant times herein, the Defendant, ALL UNKNOWN OWNERS, by and through its agents and employees, had a duty to use reasonable care under the circumstances to keep the indoor pedestrian and customer walkways and aisles clean and dry and in a reasonably safe condition.

      5.    That at all relevant times herein, the Defendant, ALL UNKNOWN OWNERS, by and through its agents and employees, had a duty to use reasonable care under the circumstances to reasonably warn patrons of hazardous and dangerous slippery conditions resulting from their efforts to maintain, clean and dry the indoor pedestrian and customer walkways and aisles on their premises.

      6.    That all relevant times herein, the Defendant, ALL UNKNOWN OWNERS, well knowing its duties, carelessly and negligently caused and permitted said indoor pedestrian and customer walkways and aisles on their premises to become and remain in a slippery, dangerous and hazardous condition for persons using said premises, even though Defendant knew, or in the exercise or ordinary and reasonable care should have known, of said slippery, dangerous and hazardous condition.

      7.    That at the aforementioned time and place, the Defendant was guilty of one or more of the following careless and negligent acts and/or omissions:

        A.  Carelessly and negligently attempted to clean a walkway or aisle on their premises by not completely drying the area after washing and waxing it, thereby creating a slippery and unsafe conditions for its customers and any other lawful invitee;

        B.  Carelessly and negligently failed to place signs advising customers and any other lawful invitee in the store of the slippery, dangerous and hazardous condition of the floor;

4

    C. Carelessly and negligently failed to position an employee by the wet and damp area to warn customers and any other lawful invitee in the store of the dangerous, hazardous and slippery condition;

    D. Carelessly and negligently failed fully buff the water and wax from the aisles and walkways thereby leaving excess water and wax in an area known to be walked on by customers and any other lawful invitee;

    E. Carelessly and negligently failed to sufficiently dry mop the area in the aisle and walkway it cleaned so that it was free from excessive water and/or other cleaning materials that create a slippery, dangerous and hazardous condition on the floor;

    F. Carelessly and negligently failed to cordon off the wet area so as not to expose customers and other lawful invitees and patrons to the slippery, dangerous and hazardous condition of its indoor floor.

    8.    As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, ALL UNKNOWN OWNERS, individually and by and through its agents and employees, Plaintiff, SUSAN L. SIMMONS, walked on a hazardous and dangerously slippery wet floor while shopping and thereby was caused to slip and fall.

    9.    As a direct and proximate result of one or more of the aforesaid negligent acts or omissions of the Defendant, ALL UNKNOWN OWNERS, Plaintiff, SUSAN L. SIMMONS, sustained severe and permanent physical injuries, which injuries have caused severe pain and will continue in the future to cause pain and suffering; Plaintiff is unable to attend to her daily tasks and continues to be unable to attend to her daily tasks following the aforesaid injuries; Plaintiff has incurred medical bills, hospital bills, pharmacy bills, and other related bills in order to help alleviate the physical problems which she sustained and will in the future be required to expend additional sums for these services to help alleviate the condition caused by the accident; Plaintiff has been and will in the future be unable to pursue her business employment and occupation in the same manner and to the same extent as she would have had she not been injured as aforesaid, by reason whereof she has been deprived of great profits and wages.

5

WHEREFORE, the Plaintiff, SUSAN L. SIMMONS, prays for judgment against the Defendant, ALL UNKNOWN OWNERS of 2225 West Market Street, Bloomington, IL 61701, in an amount reasonable and equitable and in excess of $50,000.00 plus costs of suit.

**PLAINTIFF DEMANDS TRIAL BY A JURY OF TWELVE ON ALL COUNTS**

Respectfully submitted:

SUSAN L. SIMMONS, Plaintiff
KANOSKI & ASSOCIATES

BY: _____

Todd A. Bresney

Kanoski & Associates
Attorney for Plaintiff
2730 S. MacArthur
Springfield, IL 62702
217.523.7742

6

## ATTESTATION

The undersigned hereby states and affirms that the total of money damages sought herein
exceeds FIFTY THOUSAND DOLLARS ($50,000.00) to the best of my knowledge,
information and belief.

_____

Todd A. Bresney

Kanoski & Associates
Attorney for Plaintiff
2730 S. MacArthur
Springfield, IL 62702
217.523.7742

7

E-FILED
Friday, 23 June, 2006  01:03:10 PM
Clerk, U.S. District Court, ILCD
FILED


# DeFRANCO & BRADLEY, P.C.

### 785 Wall Street, Suite 200
### O'Fallon, Illinois 62269

JUN 2 3 2006

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**JAMES E. DeFRANCO**
**DANIEL L. BRADLEY**
**CODY S. MOON**
**DANA E.VETTERHOFFER**
**ELIZABETH J. BARRINGER\***

**Illinois and Missouri**
**Missouri\***

**(618) 628-2000 (Telephone)**
**(618) 628-2007 (Facsimile)**

**E-mail:**
**codymoon@defrancolaw.com**

June 21, 2006

U.S.D.C. for the Central District
309 U.S. Courthouse
100 N.E. Monroe Street
Peoria, IL 61602

> Re:  *Susan L. Simmons v. Wal-Mart Stores, Inc.*
> Case No. 06-CV-1152
> Removed from Macon County, IL, Case No. 05-L-99

Dear Sir or Madam:

Enclosed please find a copy of the docket sheet regarding the above-referenced matter.

> Very truly yours,
>
> DeFRANCO & BRADLEY, P.C.
>
> Cody S. Moon

CSM:mrc
Enc.

2005L 000099D 001
SIMMONS, SUSAN L                         KANOSKI & ASSOCIATES
VS.
WAL-MART STORES, INC                     DEFRANCO & BRADLWY, P C
-------------------------------+-------------------------------------------------------------------------------
ENTERED    JDG CR  TEXT                                                                    CHANGED USER
-------------------------------+-------------------------------------------------------------------------------
7/25/2005          **Complaint filed on  7/25/2005
                   -----+------------------------------------------------------------------

8/02/2005 KMM      Court's Docketing Order on file; case management order to
                   be on file or parties to appear on October 17, 2005 at 1:30 p.m.,
                   courtroom 5B for case management conference.  Copy of letter
                   to counsel on file.
                   -----+------------------------------------------------------------------

8/16/2005 KMM      Per telephone conversation with Bev in DeFranco & Bradley
                   law offices, cause allotted for hearing on Motion to Dismiss;
                   Hearing schedule 10/17/05 at the case management conference.
                   DeFranco & Bradley to give Notice.
                   -----+------------------------------------------------------------------

8/18/2005          Notice of Hearing, Motion to Dismiss or Transfer Based on Improper
                   Venue with Proof of service, Certificate of service filed. (cc)
                   -----+------------------------------------------------------------------

9/08/2005          Plaintiffs Response to Defendants Motion to Dismiss or Transfer with
                   certificate of service, Request to Admit to Defendant with certificate
                   of service, Certificate of Filing with Certificate of service filed.
                   (cc)
                   -----+------------------------------------------------------------------

9/27/2005          Plaintiffs Answer to Defendants Request to Admit with Certificate of
                   service, Affidavit, Certificate of Filing with Certificate of service
                   filed. (cc)
                   -----+------------------------------------------------------------------

10/06/2005         Defendant's response to request to admit with proof of service filed.
                   (cc)
                   -----+------------------------------------------------------------------

10/14/2005         Motion to Compel or Deem Facts Admitted with Certificate of service,
                   Notice of Hearing with certificate of service filed. (cc)
                   -----+------------------------------------------------------------------

10/17/2005 KMM     All parties present.
                   Motion to Dismiss or Transfer Based on Improper Venue and Motion to
                   Compel or Deem Facts Admitted allotted for hearing.
                   Motion hearing set for 11/04/2005 at 09:00 in courtroom 5B.
                   -----+------------------------------------------------------------------

10/19/2005         Certificate of service filed. (cc)
                   -----+------------------------------------------------------------------

10/24/2005         Certificate of service filed. (cc)
                   -----+------------------------------------------------------------------

10/28/2005         Certificate of service filed. (cc)
                   -----+------------------------------------------------------------------

11/04/2005 KMM     Attorney Todd Bresney present for Plaintiff.
                   Attorney Cody Moon present for Defendant Wal-Mart Stores.
                   Cause called for hearing on Defendant's
                   Motion to Dismiss or Transfer Based on Improper Venue and Plaintiff's
                   Motion to Compel or Deem Facts Admitted --
                   Plaintiffs Answer to Defendants Request to Admit and
                   Defendant's Response to Request to Admit to be considered.
                   MOTION TO DISMISS OR TRANSFER BASED ON IMPROPER VENUE --
                   Arguments heard.  Motion DENIED.
                   MOTION FOR FORUM NON-CONVENIENCE is continued for
                   parties to conduct limited discovery.
                   Hearing set for 12/15/2005 at 01:30 in courtroom 5B.
                   PLAINTIFF'S MOTION TO COMPEL OR DEEM FACTS ADMITTED and

| 2005L 000099D 001 | | |
|---|---|---|
| SIMMONS, SUSAN L | KANOSKI & ASSOCIATES | |
| VS. | | |
| WAL-MART STORES, INC | DEFRANCO & BRADLWY, P C | |

| ENTERED | JDG CR | TEXT | CHANGED USER |
|---|---|---|---|
| | | DEFENDANT'S RESPONSE -- Arguments heard. Plaintiff's Motion GRANTED and allowed to conduct discovery. | |
| 11/21/2005 | | Request to Admit to Defendant with Certificate of service, Certificate of Filing with Certificate of service filed. (cc) | |
| 11/28/2005 | | Certificate of service filed. (cc) | |
| 12/01/2005 | | Notice for Removal filed. (cc) | |
| 5/18/2006 | | Subpoenas Duces Tecum Re: Dr. Oliver Dold; Community Health Improv. Ctr.; Lakeshore Clinic; Dr. George Duncan; St. Joseph's Medical Center; Dr. James Furry; Memorial Medical Ctr., Dr. Steven Nazelrigg (8) filed. (cc) | |
| 5/22/2006 | | Defendant's Answer to Plaintiff's Compliant with Demand for Trial by Jury with Proof of Service filed. (cc) | |
| | | Plaintiff's Interrogatories to Defendant with Certificate of Service, Plaintiff's Interrogatories to Defendant with Certificate of Service, Plaintiff's Supreme Court Rule 213(f) Interrogatories to Defendant with Certificate of Service, Motion to Dismiss Defendant's "Additional Defenses" with Certificate of Service filed. (cc) | |
| 5/23/2006 | KMM | Per telephone conversation with Attorney Breaney's office, cause allotted for hearing on Plaintiff's Motion to Dismiss Defendant's "Additional Defenses"; Motion hearing set for 7/20/2006 at 02:30 in courtroom 5B. Mr. Breaney to give Notice. | |
| 5/24/2006 | | Notice of Hearing with Certificate of Service filed. (cc) | |
| 5/25/2006 | | Certificate of Filing with Certificate of Service filed. (cc) | |
| 6/07/2006 | | Certificate of service filed. (cc) | |
| 6/12/2006 | | Certificate of Service filed. (cc) | |
| 6/14/2006 | | Notice for Removal, Affidavit, Certificate of Service, Notice filed. (cc) | |