E-FILED
Friday, 23 June, 2006  01:08:43 PM
Clerk, U.S. District Court, ILCD



# DeFRANCO & BRADLEY, P.C.

785 Wall Street, Suite 200
O'Fallon, Illinois 62269

FILED
JUN 23 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JAMES E. DeFRANCO
DANIEL L. BRADLEY
CODY S. MOON
DANA E. VETTERHOFFER
ELIZABETH J. BARRINGER*

Illinois and Missouri
Missouri*

(618) 628-2000 (Telephone)
(618) 628-2007 (Facsimile)

E-mail:
codymoon@defrancolaw.com

June 19, 2006

U.S.D.C. for the Central District
309 U.S. Courthouse
100 N.E. Monroe Street
Peoria, IL 61602

Re:   Susan L. Simmons v. Wal-Mart Stores, Inc.
      Case No. 06-CV-1152
      Removed from Macon County, IL, Case No. 05-L-99

Dear Sir or Madam:

Enclosed please find a copy of the Complaint regarding the above-referenced matter.

Very truly yours,

DeFRANCO & BRADLEY, P.C.

Cody Moon

Cody S. Moon

CSM:mrc
Enc.

CHECKED BY

AUG 0 3 2005

SYSTEMS

2041245
J3CISUE
KB

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
MACON COUNTY, ILLINOIS

SUSAN L. SIMMONS,                )
                                 )
            Plaintiff,           )
                                 )
                                 )   Court No.
v.                               )
                                 )   05 L 99
                                 )
WAL-MART STORES, INC.,           )
                                 )
            Defendant.           )

## SUMMONS

TO:  Wal-Mart Stores, Inc.
     c/o H. Lee Scott
     702 SW 8th Street
     Bentonville, AR  72716

YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance in the office of the clerk of this court at the Macon County Courthouse, 253 East Wood, Decatur, IL 62523 within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the officer:

This summons must be returned by the officer or other persons to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

WITNESS, 7·25 , 2005.

(Seal of Court)

Kathy A. Hott
Clerk of Court

Associate Circuit Clerk - Deputy

Name: Todd A. Bresney/Kanoski & Associates
Attorney for: Plaintiff
Address: 2730 S. MacArthur Blvd.
City: Springfield, IL 62704
Telephone: (217) 523-7742

Date of Service: Aug 03 , 2005
(To be inserted by officer on copy left with defendant or other person)

DEPUTY Bauer

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
MACON COUNTY, ILLINOIS

FILED
2005 JUL 25 A 9:07

| | |
|---|---|
| SUSAN L. SIMMONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Court No. |
| v. ) | 05 L 99 |
| ) | |
| WAL-MART STORES, INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, SUSAN L. SIMMONS, by and through her attorneys, KANOSKI & ASSOCIATES, and for her cause of action against the Defendant, WAL-MART STORES, INC., individually and d/b/a Walmart ("WAL-MART"), and ALL UNKNOWN OWNERS of 2225 West Market Street, Bloomington, IL 61701(ALL UNKNOWN OWNERS), states as follows:

### Count I

1. On information and belief, the Defendant, WAL-MART, was a duly licensed and legal corporation conducting business in the cities of Bloomington and Decatur in the State of Illinois at all material times herein.

2. That at all times relevant to this cause of action, the Defendant, WAL-MART, owned, possessed, operated, managed, maintained and controlled or had the duty to possess, operate, manage, maintain and control, the premises located at 2225 West Market Street within the city of Bloomington, county of McLean and State of Illinois.

3. On or about July 29, 2003, Plaintiff, SUSAN L. SIMMONS, was shopping at the Defendant, WAL-MART, premises located at 2225 West Market Street, Bloomington, Illinois with the intention of perusing and possibly buying products offered by the Defendant in exchange for monetary compensation and was therefore a business invitee on the aforementioned premises.

4. That at all relevant times herein, the Defendant, WAL-MART, by and through its agents and employees, had a duty to use reasonable care under the

circumstances to keep the indoor pedestrian and customer walkways and aisles clean and dry and in a reasonably safe condition.

5. That at all relevant times herein, the Defendant, WAL-MART, by and through its agents and employees, had a duty to use reasonable care under the circumstances to reasonably warn patrons of hazardous and dangerous slippery conditions resulting from their efforts to maintain, clean and dry the indoor pedestrian and customer walkways and aisles on their premises.

6. That all relevant times herein, the Defendant, WAL-MART, well knowing its duties, carelessly and negligently caused and permitted said indoor pedestrian and customer walkways and aisles on their premises to become and remain in a slippery, dangerous and hazardous condition for persons using said premises, even though Defendant knew, or in the exercise or ordinary and reasonable care should have known, of said slippery, dangerous and hazardous condition.

7. That at the aforementioned time and place, the Defendant was guilty of one or more of the following careless and negligent acts and/or omissions:

    A. Carelessly and negligently attempted to clean a walkway or aisle on their premises by not completely drying the area after washing and waxing it, thereby creating a slippery and unsafe conditions for its customers and any other lawful invitee;

    B. Carelessly and negligently failed to place signs advising customers and any other lawful invitee in the store of the slippery, dangerous and hazardous condition of the floor;

    C. Carelessly and negligently failed to position an employee by the wet and damp area to warn customers and any other lawful invitee in the store of the dangerous, hazardous and slippery condition;

    D. Carelessly and negligently failed fully buff the water and wax from the aisles and walkways thereby leaving excess water and wax in an area known to be walked on by customers and any other lawful invitee;

    E. Carelessly and negligently failed to sufficiently dry mop the area in the aisle and walkway it cleaned so that it was free from excessive water and/or other cleaning materials that create a slippery, dangerous and hazardous condition on the floor;

2

      F. Carelessly and negligently failed to cordon off the wet area so as not to expose customers and other lawful invitees and patrons to the slippery, dangerous and hazardous condition of its indoor floor.

8. As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, WAL-MART, individually and by and through its agents and employees, Plaintiff, SUSAN L. SIMMONS, walked on a hazardous and dangerously slippery wet floor while shopping and thereby was caused to slip and fall.

9. As a direct and proximate result of one or more of the aforesaid negligent acts or omissions of the Defendant, WAL-MART, Plaintiff, SUSAN L. SIMMONS, sustained severe and permanent physical injuries, which injuries have caused severe pain and will continue in the future to cause pain and suffering; Plaintiff is unable to attend to her daily tasks and continues to be unable to attend to her daily tasks following the aforesaid injuries; Plaintiff has incurred medical bills, hospital bills, pharmacy bills, and other related bills in order to help alleviate the physical problems which she sustained and will in the future be required to expend additional sums for these services to help alleviate the condition caused by the accident; Plaintiff has been and will in the future be unable to pursue her business employment and occupation in the same manner and to the same extent as she would have had she not been injured as aforesaid, by reason whereof she has been deprived of great profits and wages.

WHEREFORE, the Plaintiff, SUSAN L. SIMMONS, prays for judgment against the Defendant, WAL-MART STORES, INC., in an amount reasonable and equitable and in excess of $50,000.00 plus costs of suit.

**PLAINTIFF DEMANDS TRIAL BY A JURY OF TWELVE ON ALL COUNTS**

### Count II

1. On information and belief, the Defendant, ALL UNKNOWN OWNERS, was duly licensed and conducting business in the cities of Bloomington and Decatur in the State of Illinois at all material times herein.

2. That at all times relevant to this cause of action, the Defendant, ALL UNKNOWN OWNERS, owned, possessed, operated, managed, maintained and controlled or had the duty to possess, operate, manage, maintain and control, the premises

3

located at 2225 West Market Street within the city of Bloomington, county of McLean and State of Illinois.

3. On or about July 29, 2003, Plaintiff, SUSAN L. SIMMONS, was shopping at the Defendant, ALL UNKNOWN OWNERS, premises located at 2225 West Market Street, Bloomington, Illinois with the intention of perusing and possibly buying products offered by Walmart in exchange for monetary compensation and was therefore a business invitee on the aforementioned premises.

4. That at all relevant times herein, the Defendant, ALL UNKNOWN OWNERS, by and through its agents and employees, had a duty to use reasonable care under the circumstances to keep the indoor pedestrian and customer walkways and aisles clean and dry and in a reasonably safe condition.

5. That at all relevant times herein, the Defendant, ALL UNKNOWN OWNERS, by and through its agents and employees, had a duty to use reasonable care under the circumstances to reasonably warn patrons of hazardous and dangerous slippery conditions resulting from their efforts to maintain, clean and dry the indoor pedestrian and customer walkways and aisles on their premises.

6. That all relevant times herein, the Defendant, ALL UNKNOWN OWNERS, well knowing its duties, carelessly and negligently caused and permitted said indoor pedestrian and customer walkways and aisles on their premises to become and remain in a slippery, dangerous and hazardous condition for persons using said premises, even though Defendant knew, or in the exercise or ordinary and reasonable care should have known, of said slippery, dangerous and hazardous condition.

7. That at the aforementioned time and place, the Defendant was guilty of one or more of the following careless and negligent acts and/or omissions:

    A. Carelessly and negligently attempted to clean a walkway or aisle on their premises by not completely drying the area after washing and waxing it, thereby creating a slippery and unsafe conditions for its customers and any other lawful invitee;

    B. Carelessly and negligently failed to place signs advising customers and any other lawful invitee in the store of the slippery, dangerous and hazardous condition of the floor;

4

    C. Carelessly and negligently failed to position an employee by the wet and damp area to warn customers and any other lawful invitee in the store of the dangerous, hazardous and slippery condition;

    D. Carelessly and negligently failed fully buff the water and wax from the aisles and walkways thereby leaving excess water and wax in an area known to be walked on by customers and any other lawful invitee;

    E. Carelessly and negligently failed to sufficiently dry mop the area in the aisle and walkway it cleaned so that it was free from excessive water and/or other cleaning materials that create a slippery, dangerous and hazardous condition on the floor;

    F. Carelessly and negligently failed to cordon off the wet area so as not to expose customers and other lawful invitees and patrons to the slippery, dangerous and hazardous condition of its indoor floor.

8. As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, ALL UNKNOWN OWNERS, individually and by and through its agents and employees, Plaintiff, SUSAN L. SIMMONS, walked on a hazardous and dangerously slippery wet floor while shopping and thereby was caused to slip and fall.

9. As a direct and proximate result of one or more of the aforesaid negligent acts or omissions of the Defendant, ALL UNKNOWN OWNERS, Plaintiff, SUSAN L. SIMMONS, sustained severe and permanent physical injuries, which injuries have caused severe pain and will continue in the future to cause pain and suffering; Plaintiff is unable to attend to her daily tasks and continues to be unable to attend to her daily tasks following the aforesaid injuries; Plaintiff has incurred medical bills, hospital bills, pharmacy bills, and other related bills in order to help alleviate the physical problems which she sustained and will in the future be required to expend additional sums for these services to help alleviate the condition caused by the accident; Plaintiff has been and will in the future be unable to pursue her business employment and occupation in the same manner and to the same extent as she would have had she not been injured as aforesaid, by reason whereof she has been deprived of great profits and wages.

5

WHEREFORE, the Plaintiff, SUSAN L. SIMMONS, prays for judgment against the Defendant, ALL UNKNOWN OWNERS of 2225 West Market Street, Bloomington, IL 61701, in an amount reasonable and equitable and in excess of $50,000.00 plus costs of suit.

**PLAINTIFF DEMANDS TRIAL BY A JURY OF TWELVE ON ALL COUNTS**

Respectfully submitted:

SUSAN L. SIMMONS, Plaintiff
KANOSKI & ASSOCIATES

BY: _____
Todd A. Bresney

Kanoski & Associates
Attorney for Plaintiff
2730 S. MacArthur
Springfield, IL 62702
217.523.7742

6

## ATTESTATION

The undersigned hereby states and affirms that the total of money damages sought herein exceeds FIFTY THOUSAND DOLLARS ($50,000.00) to the best of my knowledge, information and belief.

_____
Todd A. Bresney

Kanoski & Associates
Attorney for Plaintiff
2730 S. MacArthur
Springfield, IL 62702
217.523.7742



E-FILED
Friday, 23 June, 2006  01:08:54 PM
Clerk, U.S. District Court, ILCD

## DeFRANCO & BRADLEY, P.C.

785 Wall Street, Suite 200
O'Fallon, Illinois 62269

JAMES E. DeFRANCO
DANIEL L. BRADLEY
CODY S. MOON
DANA E. VETTERHOFFER
ELIZABETH J. BARRINGER*

Illinois and Missouri
Missouri*

(618) 628-2000 (Telephone)
(618) 628-2007 (Facsimile)

E-mail:
codymoon@defrancolaw.com

June 21, 2006

U.S.D.C. for the Central District
309 U.S. Courthouse
100 N.E. Monroe Street
Peoria, IL  61602

Re:  *Susan L. Simmons v. Wal-Mart Stores, Inc.*
     Case No. 06-CV-1152
     Removed from Macon County, IL, Case No. 05-L-99

Dear Sir or Madam:

Enclosed please find a copy of the docket sheet regarding the above-referenced matter.

Very truly yours,

DeFRANCO & BRADLEY, P.C.

Cody S. Moon

CSM:mrc
Enc.

```
2005L 000099D 001
SIMMONS, SUSAN L                    KANOSKI & ASSOCIATES
VS.
WAL-MART STORES, INC                DEFRANCO & BRADLWY, P C
--------------------------------------------------------------------------------
ENTERED    JDG CR  TEXT                                              CHANGED USER
--------------------------------------------------------------------------------
```

| ENTERED | JDG CR | TEXT |
|---|---|---|
| 7/25/2005 | | **Complaint filed on 7/25/2005 |
| 8/02/2005 | KMM | Court's Docketing Order on file; case management order to be on file or parties to appear on October 17, 2005 at 1:30 p.m., courtroom 5B for case management conference. Copy of letter to counsel on file. |
| 8/16/2005 | KMM | Per telephone conversation with Bev in DeFranco & Bradley law offices, cause allotted for hearing on Motion to Dismiss; Hearing schedule 10/17/05 at the case management conference. DeFranco & Bradley to give Notice. |
| 8/18/2005 | | Notice of Hearing, Motion to Dismiss or Transfer Based on Improper Venue with Proof of service, Certificate of service filed. (cc) |
| 9/08/2005 | | Plaintiffs Response to Defendants Motion to Dismiss or Transfer with certificate of service, Request to Admit to Defendant with certificate of service, Certificate of Filing with Certificate of service filed. (cc) |
| 9/27/2005 | | Plaintiffs Answer to Defendants Request to Admit with Certificate of service, Affidavit, Certificate of Filing with Certificate of service filed. (cc) |
| 10/06/2005 | | Defendant's response to request to admit with proof of service filed. (cc) |
| 10/14/2005 | | Motion to Compel or Deem Facts Admitted with Certificate of service, Notice of Hearing with certificate of service filed. (cc) |
| 10/17/2005 | KMM | All parties present. Motion to Dismiss or Transfer Based on Improper Venue and Motion to Compel or Deem Facts Admitted allotted for hearing. Motion hearing set for 11/04/2005 at 09:00 in courtroom 5B. |
| 10/19/2005 | | Certificate of service filed. (cc) |
| 10/24/2005 | | Certificate of service filed. (cc) |
| 10/28/2005 | | Certificate of service filed. (cc) |
| 11/04/2005 | KMM | Attorney Todd Bresney present for Plaintiff. Attorney Cody Moon present for Defendant Wal-Mart Stores. Cause called for hearing on Defendant's Motion to Dismiss or Transfer Based on Improper Venue and Plaintiff's Motion to Compel or Deem Facts Admitted -- Plaintiffs Answer to Defendants Request to Admit and Defendant's Response to Request to Admit to be considered. MOTION TO DISMISS OR TRANSFER BASED ON IMPROPER VENUE -- Arguments heard. Motion DENIED. MOTION FOR FORUM NON-CONVENIENCE is continued for parties to conduct limited discovery. Hearing set for 12/15/2005 at 01:30 in courtroom 5B. PLAINTIFF'S MOTION TO COMPEL OR DEEM FACTS ADMITTED and |

```
2005L 000099D 001
SIMMONS, SUSAN L                    KANOSKI & ASSOCIATES
VS.
WAL-MART STORES, INC                DEFRANCO & BRADLWY, P C
-----------------------------------------------------------------------
  ENTERED    JDG CR  TEXT                                    CHANGED USER
-----------------------------------------------------------------------
                    DEFENDANT'S RESPONSE -- Arguments heard.
                    Plaintiff's Motion GRANTED and allowed to conduct discovery.

 11/21/2005         Request to Admit to Defendant with Certificate of service, Certificate
                    of Filing with Certificate of service filed. (cc)

 11/28/2005         Certificate of service filed. (cc)

 12/01/2005         Notice for Removal filed. (cc)

 5/18/2006          Subpoenas Duces Tecum Re: Dr. Oliver Dold; Community Health Improv.
                    Ctr.; Lakeshore Clinic; Dr. George Duncan; St. Joseph's Medical
                    Center; Dr. James Furry; Memorial Medical Ctr., Dr. Steven
                    Hazelrigg (8) filed. (cc)

 5/22/2006          Defendant's Answer to Plaintiff's Compliant with Demand for Trial by
                    Jury with Proof of Service filed. (cc)

                    Plaintiff's Interrogatories to Defendant with Certificate of Service,
                    Plaintiff's Interrogatories to Defendant with Certificate of Service,
                    Plaintiff's Supreme Court Rule 213(f) Interrogatories to Defendant
                    with Certificate of Service, Motion to Dismiss Defendant's "Additional
                    Defenses" with Certificate of Service filed. (cc)

 5/23/2006 KMM      Per telephone conversation with Attorney Bresney's office,
                    cause allotted for hearing on Plaintiff's Motion to Dismiss
                    Defendant's "Additional Defenses";
                    Motion hearing set for 7/20/2006 at 02:30 in courtroom 5B.
                    Mr. Bresney to give Notice.

 5/24/2006          Notice of Hearing with Certificate of Service filed. (cc)

 5/25/2006          Certificate of Filing with Certificate of Service filed. (cc)

 6/07/2006          Certificate of service filed. (cc)

 6/12/2006          Certificate of Service filed. (cc)

 6/14/2006          Notice for Removal, Affidavit, Certificate of Service, Notice filed.
                    (cc)
```