IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| SUSAN L. SIMMONS, | ) | |
| | ) | Case No.: 1:06-CV-1152 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **PLAINTIFF'S MEMORANDUM** |
| vs. | ) | **IN SUPPORT OF HER MOTION** |
| | ) | **FOR REMAND, OR IN THE** |
| | ) | **ALTERNATIVE, FOR** |
| | ) | **TRANSFER TO THE** |
| | ) | **SPRINGFIELD DIVISION ON** |
| | ) | **GROUNDS OF *FORUM*** |
| WAL-MART STORES, INC., | ) | ***NONCONVENIENS*** |
| | ) | |
| Defendant. | ) | |

NOW COMES, the Plaintiff, SUSAN L. SIMMONS, by and through her attorneys, KANOSKI & ASSOCIATES, and in support of her motions and pursuant to 28 U.S.C. Sec. 1447, states the following:

**I. Relevant Procedural History**

In July of 2005, Plaintiff filed in the Circuit Court of the Sixth Judicial Circuit of Macon County, Illinois her Complaint alleging negligence against the Defendant for a slip and fall personal injury. Defendant was served with the Complaint on August 3, 2005 (See Plaintiff's Memorandum in Support of Remand in Case no.: 1:05-CV-1377). In response thereto, Defendant filed a Motion to Dismiss or Transfer Based on Improper Venue (See Plaintiff's Memorandum in Support of Remand in Case no.: 1:05-CV-1377). Plaintiff thereafter filed her Response to Defendant's Motion to Dismiss or Transfer in September of 2005 (See Plaintiff's Memorandum in Support of Remand in Case no.:

1:05-CV-1377). The Honorable Kitty McCarthy denied Defendant's Motion to Dismiss and granted Defendant the right to file a written brief in support for its motion to transfer based on *forum non conveniens*.( See Plaintiff's Memorandum in Support of Remand in Case no.: 1:05-CV-1377).

On November 29, 2005, well beyond thirty (30) days from the date the Complaint was served, Defendant filed a Notice of Removal in the United States District Court, Central District of Illinois, Danville/Urbana Division (See Plaintiff's Memorandum in Support of Remand in Case no.: 1:05-CV-1377). Between October 29, 2005 and November 29, 2005, the Defendant received medical records from St. Mary's Hospital and Community Health Improvement Center, bate stamped SIMM0000134-166 and SIMM0000167-189, respectively (See Plaintiff's Memorandum in Support of Remand in Case no.: 1:05-CV-1377). In December of 2005, the United States District Court transferred this case to the Peoria Division of the Central District of Illinois, because the events giving rise to the subject matter of Plaintiff's Complaint occurred in Bloomington, McLean County, Illinois.

On April 20, 2006, the Honorable Judge Gorman granted Plaintiff's Motion for Remand and dismissed Case No.: 1:05-CV-1377). On May 24, 2006, Plaintiff filed a Motion to Dismiss Defendant's affirmative defenses. On June 15, 2006, defense counsel requested additional time to answer written discovery, said time was given by the Plaintiff. On June 16, 2006, Defendant filed another Petition for Removal, arguing essentially the same bases as before.

**II. Requirements of 28 U.S.C. §§ 1446 and 1447**

28 U.S.C. § 1446 provides, in pertinent part:

> (a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings...
>
> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

U.S.C. § 1447 provides, in pertinent part:

> (c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

This Motion for Remand has been filed within thirty days of removal; all procedural and jurisdictional objections are timely.

**III. Legal Standards Governing Removal**

**A. The Burden of Establishing Removal Jurisdiction is On the Party Seeking Removal,** *Not* **the Party Seeking Remand to State Court.**

It is well settled under federal case law that the burden is on the party seeking to preserve the district court's removal jurisdiction (here, Defendant), not the party moving for remand to state court (here, Plaintiff), to show that the requirements for removal have been met. Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765,

768 (4th Cir. 1991). The removal statute is strictly construed against removal and the burden of establishing federal jurisdiction falls to the party invoking the statute. Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988).

When there is doubt as to the right to removal in the first instance, ambiguities are to be construed against removal. Samuel v. Langham, 780 F.Supp. 424, 427 (N.D.Tex.1992); *see also,* Fellhauer v. Geneva, 673 F.Supp. 1445, 1447 (N.D.Ill.1987). "The district court, in a challenged case, may retain jurisdiction only where its authority to do so is clear." Gorman v. Abbott Laboratories, 629 F.Supp. 1196, 1203 (D.R.I.1986). "The removing party bears the burden of showing that removal was proper." Medical College of Wisconsin Faculty Physicians &Surgeons v. Pitsch, 776 F.Supp. 437, 439 (E.D.Wis.1991). "This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute." Albonetti v. GAF Corporation-Chemical Group, 520 F.Supp. 825, 827 (S.D.Tex.1981).

In Kresge v. Jackson and Agee Motor Freight, Inc., 2004 U.S. Dist. Lexis 20850 (See Exhibit G, attached), the court reviewed a matter where Defendant removed an action to Federal Court and asserted jurisdictional limits were satisfied because (1) Plaintiff demanded $75,000.00 in a pre-lawsuit settlement; and (2) Plaintiff denied the case was worth at least $75,000.00 in response to defendant's request to admit facts. The Kresge court concluded that defendant's removal was improper since its reliance on pre-suit negotiations was misplaced and defendant's vague assertion that plaintiff "may continue to suffer additional damage" was insufficient to establish a good faith belief that the amount in controversy exceeded $75,000.00. *Id.* at 5.

**IV. Defendant's Removal is Untimely and Its Allegation of Jurisdictional Limits is Unsupported**

4

In this case, Defendant filed its Notice of Removal on November 29, 2005. (See Exhibit E, attached). This Notice was filed well beyond thirty days from the time that service of the Complaint was effectuated on Defendant, on August 3, 2005. Thus, Defendant's Notice of Removal was untimely.

A review of the factual history of this case, as provided above, demonstrates that Defendant has made more than one unsuccessful attempt to have this case heard in a court other than the court in which the Complaint was filed. Defendant is clearly and unabashedly attempting to forum shop. Defendant first tried to have this matter dismissed or transferred for lack of jurisdiction, arguing Wal-Mart does not do business in Macon County. This argument was made despite Defendant operating a full-blown supercenter and another retail establishment within the county seat. When this argument failed, Defendant wanted to argue *forum non conveniens*. The lower court granted Defendant more time to file a more thorough written response when it was determined that the plaintiff and most of the treating physicians resided in Macon County. Instead of responding, however, the Defendant removed this case to federal court. Wal-Mart attempted to have this matter removed to the United States District Court, Central District of Illinois, Danville Division. It is unclear why Defendant, that does business in virtually every county within this State, and its attorneys, from O'Fallon, Illinois, believe Danville is any less convenient than it would be to litigate this case in Decatur, Illinois. That Court automatically transferred this case to the Peoria Division, due to the fact that the plaintiff's fall occurred in Bloomington, Illinois. Judge Gorman remanded the matter back to Macon County after determining Defendant could not prove its assertions for removal. All of Defendant's attempts have been made to prevent this matter from being

1  heard in Macon County, which is the forum in which the Plaintiff resides and the forum
2  in which she chose to make her claim against the Defendant.

3  In its *First* and *Second* Notices of Removal, Defendant indicates that its Notice
4  was filed within thirty (30) days of it receiving certain medical records of Plaintiff that
5  were Bates-stamped SIMM00001-189. Discovery provided by Defendant to Plaintiff
6  reveals, however, that only the medical records Bates-stamped SIMM0000134-166 and
7  SIMM0000167-189, (See Group Exhibit F, attached), were received by Defendant's
8  counsel within thirty (30) days before the Notice of Removal was filed. In other words,
9  Defendant possessed documents bate stamped 1-133 long before its first Notice for
10 Removal was filed. Defendant now claims another 89 pages of records are in its
11 possession but fails to identify when it obtained these records and fails to explain why it
12 has delayed possessing these records for 9 to 10 months after it was served.

13 Moreover, Defendant is asserting this Honorable Court accept as truth that all
14 conditions within the medical records as described in paragraph 4 of its Motion are
15 related injuries, including but not limited to "disc desiccation, posterior spurring and
16 spinal canal stenosis throughout plaintiff's back." None of these issues has been attested
17 to by a physician but may constitute an admission by the defense. As in Kresge, the
18 Defendant in this matter has failed to prove its assertion of the jurisdictional limits was
19 based on good faith. A review of these records reveals nothing that would indicate to the
20 Defendant that the matter in controversy would exceed $75,000.00. Nothing in
21 Defendant's Notice constitutes a good faith effort of obtaining documents and evidence to
22 establish federal jurisdiction within a reasonable time frame.

Defendant has also failed to disclose the records to Plaintiff it relies upon within its Notice of Removal. Shortly after this matter was filed in August, 2005, Defense attorney, James DeFranco, contacted this attorney and inquired about the injuries suffered by the Plaintiff. This attorney advised defense counsel that Plaintiff was still medically treating for her injuries, more than two years after her fall, and that she suffered a sympathetic nerve injury, possibly Reflex Sympathetic Dystrophy (RSD). The medical records for which the Defendant relies upon as "new papers" under section 1446 fail to indicate anything more than what the Defendant's counsel knew within 30 days after the initial complaint was filed.

Even assuming, *in arguendo*, that Defendant did not receive certain medical records more than thirty days before the Notice of Removal was filed, the Notice is still untimely, because it was filed more than thirty days after Defendant was served with the Complaint. 28 U.S.C. Sec. 1446(b).

Defendant also unbelievably claims Plaintiff filed an improper partial objection in response to a State Court Supreme Court Rule 216 Request to Admit.(the request to admit was answered in full). Illinois Supreme Court Rule 216 requires the opposing party to notice for hearing any objections it deems improper within a reasonable time thereafter. "Any objection to a request or to an answer shall be heard by the court upon prompt notice and motion of the party making the request." IL. Sct. R. 216(c). Plaintiff's response was proper, legal and in conformity with Supreme Court Rules as indicated by Defendant's refusal to bring a motion before the trial court.

**V. If Defendant's Removal is Deemed Proper, This Matter Should Be Transferred to the Springfield Division on the Grounds of Forum Non Conveniens**

Even if this Court finds that this case has been properly removed to Federal Court, this case should be transferred to the Springfield Division for *forum non conveniens*. A transfer of venue is proper when done for the "convenience of the parties and witnesses," even where venue is proper in the original forum, so long as venue will also be proper in the transferee district. 28 U.S.C. Sec. 1404(a). Here, a transfer from the Peoria Division to the Springfield Division would not be a transfer of venue in the sense of transferring between judicial districts. Instead, the transfer would merely be one within the *same* district. The Springfield division is a more convenient forum for Plaintiff, because (1) Plaintiff resides in Decatur, which is closer to Springfield than to Peoria, (2) Plaintiff is without a motor vehicle; (3) most of Plaintiff's witnesses reside at addresses that are closer to Springfield than to Peoria, (4) the office of Defendant's counsel is in O'Fallon, which is closer to Springfield than to Peoria.

## VI. CONCLUSION

Plaintiff prays this Honorable Court grant her Motion for Remand and award appropriate attorney fees and costs associated with this motion, or in the alternative, transfer this matter to the Springfield Division on the ground of *forum non conveniens*.

Respectfully submitted,

s/ Todd A. Bresney
Todd A. Bresney Atty. Bar No.: 90571
Attorney for Plaintiff
KANOSKI & ASSOCIATES
2730 S. MacArthur Blvd.
Springfield, IL  62704
Telephone:  217/523-7742
Fax:  217/523-1412
E-mail:  Toddb@Kanoski.com