IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| SUSAN L. SIMMONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1: 06-cv-1152 |
| v. ) | |
| ) | |
| WAL-MART STORES, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Jurisdiction of the above-captioned case is proper in the United States District Court for the Central District of Illinois. Defendant complied with all requirements in filing the second notice of removal. Defendant requests this Court deny plaintiff's untimely motion to remand.

## BACKGROUND

In July 2005, plaintiff filed a negligence complaint in the Circuit Court of the Sixth Judicial Circuit of Macon County, Illinois. Defendant was served with the complaint on August 3, 2005. On August 16, 2005, defendant served plaintiff with a request to admit seeking an admission that the amount in controversy did not exceed $75,000.00.

Plaintiff objected to the request to admit on the basis that it sought an improper legal conclusion and that the request to admit sought privileged information. Rather than notice the objection to the request to admit, defendant chose to move forward with preliminary discovery to determine the amount in controversy. Defendant received executed authorizations for the release of health information from plaintiff on October 3, 2005.

After collecting some of plaintiff's medical records, defendant removed this case to the United States District Court for the Central District of Illinois on December 2, 2005. The case

was transferred to the Peoria division of the United States District Court for the Central District of Illinois by text order entered on December 7, 2005, which order specifically recognized that plaintiff's cause of action arose out of an alleged fall at a Wal-Mart store located in the City of Bloomington, McLean County, Illinois.

Plaintiff filed a motion to remand or, in the alternative, to transfer on January 3, 2006. On April 20, 2006, this cause of action was remanded to Illinois state court. The Court held that no evidence was supplied to the Court by defendant upon which to evaluate plaintiff's claims. Defendant's notice of removal provided that the medical records from St. Mary's Hospital combined with plaintiff's allegations led defendant to conclude that the amount in controversy exceeded $75,000.00.

As referenced by counsel for plaintiff in his memorandum in support of second motion to remand, counsel for Wal-Mart, Jim DeFranco, and counsel for plaintiff spoke on August 15, 2005 regarding the facts of the incident, plaintiff's alleged injuries, and the amount in controversy. Following the conversation, counsel for defendant sent an e-mail to counsel for plaintiff on August 15, 2005 requesting plaintiff send a list of medical specials and a settlement demand. Counsel for plaintiff did not send a list of medical specials in response to the request from counsel for defendant.

On August 16, 2005, defendant served interrogatories, request for production, and request to admit on plaintiff. Interrogatory number nine requested plaintiff provide the total amount of bills rendered by each healthcare professional who treated plaintiff for her alleged injuries and requested plaintiff provide information regarding any ongoing treatment. Interrogatory number ten requested the amount of plaintiff's medical bills for any hospital or facility to which plaintiff was confined allegedly as a result of her alleged injuries. Interrogatory number fourteen sought

the amount of damages plaintiff was seeking in the lawsuit pursuant to 735 ILCS 5/2-604 which specifically authorizes defendant to request by interrogatory the total amount of damages sought by plaintiff. Interrogatory number fifteen requested plaintiff provide the total amount of plaintiff's alleged medical costs incurred to date and provide the date of service, name of provider of service, nature of service and total amount of bill for each healthcare professional. Interrogatory number sixteen requested plaintiff provide the amount and nature of any expenses not mentioned elsewhere that plaintiff claims are damages as a result of the alleged incident. To date, plaintiff has failed to respond to defendant's discovery served August 16, 2005. Defendant sent correspondence to counsel for plaintiff pursuant to Federal Rule of Civil Procedure 37(d) and pursuant to Illinois Supreme Court Rule 201(k) in January 2006.

On August 16, 2005, defendant served requests to admit on plaintiff regarding the amount in controversy. Plaintiff objected to defendant's request to admit that "the amount in controversy does not exceed $75,000.00, exclusive of interest and costs." Plaintiff further objected to the request to admit that "plaintiff will not seek more than $75,000.00 in damages in this case." Plaintiff objected on the basis that the requests sought legal conclusions.

On May 1, 2006, after the remand of defendant's initial removal, counsel for defendant sent an e-mail to counsel for plaintiff again requesting plaintiff provide a medical specials list and settlement demand. Counsel for plaintiff responded that the parties could not engage in productive settlement negotiations because plaintiff was still treating at the time suit was filed. Moreover, as of May 1, 2006, counsel for plaintiff could not state whether plaintiff was still treating as a result of her alleged injuries. To date, counsel for plaintiff has not provided counsel for defendant with a definitive statement of whether or not plaintiff continues to treat for her

alleged injuries. Instead, counsel for plaintiff advised that plaintiff was "still having medical problems due to her condition."

Due to counsel for plaintiff's failure to provide a medical specials list or a statement as to whether plaintiff had completed treating as a result of her alleged injuries and plaintiff's failure to comply with defendant's discovery requests, defendant was unable to determine the full amount of plaintiff's alleged medical expenses. Plaintiff's medical providers' failure to provide medical bills with the medical records, although specifically authorized by plaintiff, further prevented defendant from determining the amount of plaintiff's alleged medical specials. Defendant set the record depositions of plaintiff's healthcare providers for June 1, 2006 to determine the amount of plaintiff's alleged medical specials. Defendant has denied and continues to deny that the incident occurred in the manner described by plaintiff or that plaintiff was injured to the extent alleged. Plaintiff's failure to provide discovery responses, a settlement demand package, a list of medical specials, or any information regarding plaintiff's alleged injuries prevented defendant from determining what notes within plaintiff's medical records after the date of the alleged incident may be related to plaintiff's alleged injuries. In fact, the only guidance provided by plaintiff is contained in Count I of plaintiff's complaint, paragraph nine which provides "as a direct and proximate result of one or more of the aforesaid negligent acts or omissions of the defendant, Wal-Mart, plaintiff, Susan L. Simmons, sustained severe and permanent physical injuries. . ." At no point in the complaint did plaintiff specifically provide the nature of her alleged injuries.

The medical bills received by defendant in response to its subpoenas to plaintiff's healthcare providers revealed $28,052 in medical expenses between July 29, 2003 and May 2006. The provider notes associated with the medical records include specific references by

plaintiff that she believes the injuries were related to the alleged incident at Wal-Mart. Defendant referred to Bates-stamped medical records and medical bills in its second notice of removal filed June 15, 2006. Defendant will provide a complete copy of the medical records and billing records to the Court, if the Court desires the 655 plus pages. Complete copies of all medical records and complete copies of all bills received pursuant to the authorizations and subpoenas have been previously produced to counsel for plaintiff.

## LEGAL STANDARD

Federal District Courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states. . ." 28 U.S.C. § 1332(a)(1). If original jurisdiction exists in the federal district courts, a defendant may remove an action filed in state court to the federal district court. 28 U.S.C. § 1441(b). The removing party bears the burden of establishing that the parties are diverse and that the required amount in controversy is at stake. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). A defendant meets the burden by supporting his allegations with "competent proof." *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

In the order remanding this case entered on April 20, 2006, this Court held that the Seventh Circuit requires "defendant to offer evidence which proves 'to a reasonable probability that jurisdiction exists.'" *Shaw v. Dell Brands, Inc.*, 994 F.2d 364, 366 (7th Cir. 1993). The Court further held that "the test set forth in *McNutt* is satisfied if a defendant in a removal action can show to a reasonable probability that more than [$75,000.00] is in controversy." *Shaw*, 994 F.2d at 366 n.2 (citations omitted). The Seventh Circuit recently held, however, that the mention of "reasonable probability that jurisdiction exists" language used by *Shaw* was "infelicitous."

5

*Meridian Security Ins. Co. v. Sedowski,* 441 F.3d 536, 540 (2006). The Seventh Circuit Court of Appeals went on to specifically retract that language and state that "it has no role to play in determining the amount in controversy." *Meridian,* 441 F.3d 540. The *Meridian* court held that

> "what the proponent of jurisdiction must 'prove' is consistent factual assertions - - for example, where each party resides plus any plans for change of residence, and in order to establish domicile, or what state issued a corporation's charter. Jurisdiction itself is a legal conclusion, a consequence of facts rather than a proveable "fact." The court made that clear two years after *McNutt* holding in *St. Paul Mercury* that the sum claimed by [the proponent of federal jurisdiction] controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. Although the proponent of jurisdiction may be called on to prove facts that determine the amount in controversy - - such as the economic effect that compliance with the law would have on GMAC - - once these facts have been established the proponent's estimate of the claim's value must be accepted unless there is "legal certainty" that the controversy's value is below the threshold.

*Meridian,* 441 F.3d at 540-41 *citing St. Paul Mercury,* 303 U.S. at 288-89; *See also Rising Moore v. Red Roof Inns, Inc.,* 435 F.3d 813 (7th Cir. 2006); *Pratt Central Park Limited Partnership v. Dames & Moore, Inc.,* 60 F.3d 350 (7th Cir. 1995); *The Barbers Hairstyling For Men & Women, Inc. v. Bishop,* 132 F.3d 1203 (7th Cir. 1997).

The Seventh Circuit suggested several ways in which a defendant may establish what the plaintiff stands to recover. Defendant may establish the amount in controversy by "contentions interrogatories or admissions in state court; by calculation from the complaint's allegations; by reference to the plaintiff's informal estimates or settlement demands; or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands." *Meridian,* 441 F.3d at 541-42 (Internal citations omitted).

The Seventh Circuit noted that the "reasonable probability" language "has been used to displace the Supreme Court's rule for handling uncertainty about what will happen at trial

6

(jurisdiction exists unless it is legally impossible for the recovery to exceed the minimum) with a much different standard (jurisdiction does not exist unless there is a "reasonable probability" that the recovery will exceed the minimum). *Meridian*, 441 F.3d at 542. The court held that

> a proponent of federal jurisdiction must, if material factual allegations are contested, prove those jurisdictional facts by a preponderance of the evidence. Once the facts have been established, uncertainty about whether the plaintiff can prove its substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal. Only if it is 'legally certain' that the recovery (from plaintiff's prospective) or costly complying with the judgment (from defendant's) will be less than the jurisdictional floor may the case be dismissed.

*Meridian*, 441 F.3d at 543. In the *Meridian* case, the Seventh Circuit found that none of the jurisdictional allegations were contested and that the court could not be sure from the state court complaint that plaintiffs were bound to recover less than $75,000 and, therefore, the case was properly in federal court under diversity jurisdiction. *Meridian*, 441 F.3d at 543.

## ARGUMENT

### I.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.

In this case, defendants initially removed the case to the United States Court for the Central District of Illinois referencing plaintiff's medical records and healthcare records to form its good faith belief that the amount in controversy, exclusive of interest and costs, exceeded $75,000.00. After the Court's remand, defendant subpoenaed plaintiff's healthcare providers' medical bills for treatment to plaintiff and determined that plaintiff's medical bills exceeded $28,000.00. Based on plaintiff's medical bills in excess of $28,000.00 and plaintiff's medical records detailing injuries that defendant believes plaintiff will attempt to causally relate to the incident at Wal-Mart including reflex sympathetic dystrophy, disc desiccation, disc bulging, straightening of the cervical lordosis, posterior spurring, and spinal canal stenosis throughout plaintiff's back, defendant again removed this case and setting forth its good faith belief that the

7

amount in controversy exceeds $75,000.00, exclusive of interest and costs. Defendant cited approximately 655 pages of medical records and medical bills as the source for its good faith belief that the amount in controversy exceeded $75,000.00, exclusive of interest and costs.

In response to defendant's removal, plaintiff does not contest any jurisdictional fact. Instead, plaintiff attempts to distract the Court with irrelevant issues regarding plaintiff's perception that defendant was forum shopping. Plaintiff cites defendant's legitimate procedural defenses as evidence of defendant's alleged forum shopping. After completing her superfluous remarks, plaintiff alluded that "disc desiccation, posterior spurring, and spinal canal stenosis through plaintiff's back" have not been attested to by a physician and alluded that the conditions may not be related to plaintiff's claimed injuries. At no point did plaintiff file an affidavit or affirmatively state that the conditions were not related to plaintiff's alleged injuries or the alleged incident at Wal-Mart. In fact, as stated previously, plaintiff has failed to specify what injuries she allegedly sustained as a result of the alleged incident at Wal-Mart. Defendant collected plaintiff's medical records (and medical bills) to determine what injuries plaintiff may claim as causally related to the alleged incident and to determine the amount in controversy based on its good faith belief as to plaintiff's probable claimed injuries.

Counsel for defendant examined the 655 pages of records and bills and concluded that plaintiff may claim, or plaintiff's treating physicians may attempt to causally relate, plaintiff's reflex sympathetic dystrophy, disc desiccation, disc bulging, straightening of the cervical lordosis, posterior spurring, or spinal canal stenosis through plaintiff's back to the alleged incident at Wal-Mart. Plaintiff's vague injury claim and medical bills to date led defendant to conclude that the amount in controversy exceeded $75,000.00. Defendant fully and completely

complied with the requirements set forth by the Seventh Circuit Court of Appeals in *Meridian* to establish the amount in controversy.

## II.     DEFENDANT'S SECOND NOTICE OF REMOVAL WAS TIMELY

Defendant timely filed its second notice of removal within thirty days after receipt of medical bills from plaintiff's healthcare providers that establish that the amount in controversy exceeded $75,000.00, exclusive of interest and costs. The removal procedure within the United States Code provides that:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except for the case may not be removed on the basis of jurisdiction conferred by § 1332 of this title more than one year after commencement of the action.

28 U.S.C. § 1446(b). In this case, defendant filed its second notice of removal within thirty days after receipt of the medical bills pursuant to subpoenas sent to plaintiff's healthcare providers. Defendant sent its subpoenas on May 15, 2006 for records depositions on June 1, 2006. As set forth in defendant's notice of removal filed June 15, 2006, defendant received the medical bills from plaintiff's healthcare providers between May 23, 2006 and June 6, 2006. Therefore, defendant's notice of removal filed on June 15, 2006 was filed within thirty days of an "other paper" [the medical bills] from which it may first be ascertained that the case is one which is or has become removable.

Based on this Court's ruling in its April 20, 2006 order granting plaintiff's motion to remand, insufficient evidence existed at the time of removal because defendants did not specifically provide the amount of plaintiff's medical bills or other specific evidence of the amount in controversy. Within thirty days of the court's order, defendant subpoenaed the

medical bills from plaintiff's healthcare providers and, within thirty days of subpoenaing the records, defendant filed its second notice of removal based on the more than $28,000 in medical expenses incurred by plaintiff after the date of her incident. Said amount consists of expenses defendant believes plaintiff or plaintiff's healthcare providers will attempt to causally relate to the alleged incident.

Plaintiff moved to remand this case on the basis that the initial complaint was removable. Plaintiff argued that counsel for defendant conferred with counsel for plaintiff shortly after the matter was filed in August 2005 and counsel for plaintiff informed counsel for defendant that plaintiff was still medically treating for her injuries and that plaintiff suffered sympathetic nerve injury, possibly reflex sympathetic dystrophy. (Plaintiff's memorandum in support of motion to remand, page 7.)

Plaintiff's argument fails for at least two reasons. First, counsel for plaintiff's oral statements made to counsel for defendant "shortly after this matter was filed" do not comply with the requirements of 28 U.S.C. § 1446(b) requiring a pleading, amended pleading, motion, order, *or other paper* from which it may be first ascertained that the case is one which is or has become removable. . ." (Emphasis added). Counsel for plaintiff's oral statement is not an other paper and counsel for plaintiff's statements were not pleadings, motions, or orders of the Court. In other words, counsel for defendant was unable to remove the case on counsel for plaintiff's statements alone.

Secondly, oral statements by counsel for plaintiff do not constitute a good faith belief by defendant for removal jurisdiction. Parties may not stipulate that the amount in controversy is established to obtain federal court jurisdiction. Instead, diversity jurisdiction must be based on plaintiff's allegations in her complaint or in *ad damnum* requesting more than $75,000.00 in

damages exclusive of interest and costs. Plaintiff's complaint did not request in excess of $75,000.00. Defendant was required to comply with the standards set forth in *McNutt*, *Shaw*, *St. Paul Mercury*, and *Meridian*, among other precendential cases, all set forth above, regarding removal procedures and the amount in controversy.

Contrary to plaintiff's assertions, defendant has been attempting to discover the amount in controversy since the outset of this litigation. Defendant's attempts include repeated requests for a medical specials list or settlement demand from plaintiff, defendant's request to admit to plaintiff, defendant's interrogatories to plaintiff, defendant's actions collecting medical records pursuant to an authorization for release of health information, and defendant's subpoena of the medical bills from plaintiff's healthcare providers. The only action taken by plaintiff to facilitate the discovery of the amount in controversy was the execution of the authorization for health information. Counsel for plaintiff's assertion that he informed counsel for defendant of plaintiff's alleged damages shortly after suit was filed in August 2005 is meaningless without some "other paper" or evidence to support the amount in controversy. Counsel for defendant exhausted numerous discovery methods prior to eventually obtaining the medical bills from plaintiff's medical providers.

Interestingly, counsel for plaintiff argues to the Court that this case was removable within thirty days of the complaint being filed, however, counsel for plaintiff also argues that the case is still not removable because the amount in controversy requirement has not been established. While pleading in the alternative is permissible in some situations, plaintiff's competing argument is not. Counsel for plaintiff should not be permitted to argue to the Court that the amount in controversy does not exceed $75,000.00, and, therefore, diversity jurisdiction does not attach and, at the same time, argue that the amount in controversy requirement was met based on

the initial pleading or, at the latest, based on conversations between counsel for plaintiff and counsel for defendant shortly after suit was filed in August 2005.

### III.   PLAINTIFF'S MOTION TO REMAND IS UNTIMELY.

Plaintiff's motion to remand was untimely and all arguments by plaintiff regarding any defect other than lack of subject matter jurisdiction were waived by plaintiff. 28 U.S.C. § 1447(c) provides that "a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within thirty days after the filing of the notice of removal under § 1446(a)."

Defendant filed its notice of removal on June 15, 2006, as shown by the file-stamp and the e-file stamp on ECF Doc. #1, case no. 1:06-CV-01152-MMM-JAG. Plaintiff electronically filed her motion to remand on July 20, 2006. (ECF Doc. #4). Plaintiff's motion to remand was filed more than thirty days after defendant filed its notice of removal. Therefore, all objections to removal, except subject matter jurisdiction, were waived by plaintiff due to plaintiff's failure to file a motion to remand within thirty days.

### CONCLUSION

WHEREFORE, defendant, Wal-Mart Stores, Inc., respectfully requests this Court enter an order denying plaintiff's motion to remand and for all other relief which this Court deems just and proper.

DeFRANCO & BRADLEY, P.C.

By    s/Cody S. Moon
      James E. DeFranco, #06181134
      Cody S. Moon, #6280657
      785 Wall Street, Suite 200
      O'Fallon, IL 62269
      (618) 628-2000
      (618) 628-2007 Fax
      ATTORNEYS FOR DEFENDANT
      WAL-MART STORES, INC.

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

SUSAN L. SIMMONS, )
 )
    Plaintiff, )
 )   Case No. 1: 06-cv-1152
v. )
 )
WAL-MART STORES, INC., )
 )
    Defendant. )

**CERTIFICATE OF SERVICE**

I hereby certify that on __1__ day of __August__, 2006, I electronically filed **defendant's Memorandum in Opposition to Plaintiff's Motion to Remand,** with the Clerk of Court using the CM/ECF system which will send notification of such filings(s) to the following:

    Todd A. Bresney    toddb@kanoski.com, tbresney@aol.com

DeFRANCO & BRADLEY, P.C.

By __s/Cody S. Moon__
    James E. DeFranco, #06181134
    Cody S. Moon, #6280657
    785 Wall Street, Suite 200
    O'Fallon, IL 62269
    (618) 628-2000
    (618) 628-2007 Fax
    ATTORNEYS FOR DEFENDANT