E-FILED
Wednesday, 13 September, 2006  09:47:24 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| SUSAN SIMMONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-1152 |
| ) | |
| WAL-MART STORES, INC., ) | |
| ) | |
| Defendant. ) | |

## O R D E R

This matter is now before the Court on Plaintiff's Motion to Remand pursuant to 28 U.S.C. § 1447(c) or alternatively, to transfer the case to the Springfield Division. For the reasons set forth below, the Motion to Remand [#4] is DENIED.

### BACKGROUND

On August 3, 2005, Plaintiff, Susan Simmons ("Simmons") filed a complaint in the Circuit Court of the Sixth Judicial Circuit, Macon County, Illinois. The Complaint alleged negligence in connection with a slip and fall accident in its Bloomington, Illinois, store where Simmons was injured.

On November 29, 2005, Wal-Mart removed the action based on diversity jurisdiction. Simmons' Motion for Remand was granted on April 20, 2006, based on the finding that Wal-Mart had failed to sufficiently establish that the amount in controversy was satisfied for purposes of diversity jurisdiction, and the matter was remanded to Macon County.

After obtaining additional medical records and an objection from Simmons when asked to admit that the amount in controversy does not exceed $75,000.00, exclusive of interest and costs, Wal-Mart removed the case to this Court for the second time. Simmons has again moved to remand the action to state court or alternatively, to transfer the case to the Springfield Division. The matter is fully briefed, and this Order follows.

## DISCUSSION

Title 28 U.S.C. § 1441(a) allows a defendant to remove to federal court any civil action originally brought in state court if the federal court has original jurisdiction over the matter. Under 28 U.S.C. § 1332, such jurisdiction is present in "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest or costs" and the parties are of diverse citizenship. 28 U.S.C. § 1332(a). The burden of demonstrating that removal jurisdiction is proper rests with the defendant as the removing party, and the defendant must meet this burden by tendering evidence establishing a reasonable probability that jurisdiction exists. In re Brand Name Prescription Drugs Antitrust Litigation, 123 F.3d 599, 607 (7th Cir. 1997); Chase v. Shop 'n Save Warehouse Foods, Inc., 110 F.3d 424, 427 (7th Cir. 1997); Gould v. Artisoft, Inc., 1 F.3d 544, 547 (7th Cir. 1993).

Here, Wal-Mart's Notice of Removal was timely, as it was filed within 30 days of Wal-Mart's receipt of Simmons' medical bills, which indicated that the case could be removable. The parties do not dispute that they are of diverse citizenship. Plaintiff is a citizen of Illinois, while Wal-Mart is a Delaware corporation with its principle place

of business in Arkansas. As a result, the real issue is whether Wal-Mart has shown a reasonable probability that the amount in controversy exceeds $75,000.00.

In determining the amount in controversy, the Court typically begins with the face of the complaint where the plaintiff indicates the value of her claims in the prayer for relief. Chase, 110 F.3d at 427. Pursuant to standard civil procedure in Illinois, Simmons has requested damages in an amount in excess of $50,000.00 on each count without praying for specific relief. Because this rule of civil procedure frustrates a defendant's ability to determine the amount in controversy, the Seventh Circuit permits courts to "look outside the pleadings to other evidence of jurisdictional amount in the record." Id. However, the court "is limited to examining only that evidence of amount in controversy that was available at the moment the petition for removal was filed." Id., *citing* In re Shell Oil Co., 970 F.2d 355, 356 (7th Cir. 1992).

Wal-Mart relies on evidence in the form of Simmons' refusal to admit that the amount in controversy does not exceed $75,000.00, exclusive of interest and cost, as well as medical records indicating that she has incurred at least $28,000.00 in medical bills to date in treating the injuries allegedly sustained in her slip and fall. The Court also notes her allegation that she has sustained "severe and permanent physical injuries, which injuries have caused severe pain and will continue in the future to cause pain and suffering," as well as her claim that she will continue to require treatment in the future and cannot "pursue her business employment and occupation in the same manner and to the same extent as she would have had she not been injured."

These things in combination provide some indication of Simmons' assessment of the value of her case.  See Chase, 110 F.3d at 428-29, citing Burns v. Windsor Insurance Co., 31 D.3d 1092, 1094 (11th Cir. 1994) (noting that the appropriate focus in determining the amount in controversy is plaintiff's assessment of the value of her case.)  Based on the prayer in the Complaint for compensatory damages (e.g., severe and permanent physical injuries, past and future pain and suffering, past and future medical bills, past and future lost profits and wages) in an amount in excess of $50,000.00 for each count, in conjunction with the $28,000.00 in medical bills incurred to date and Simmons' refusal to stipulate that the amount in controversy does not exceed $75,000.00, exclusive of interest and costs, the Court concludes that Wal-Mart has met its burden of demonstrating a reasonable probability that the amount in controversy exceeds $75,000.00.  Accordingly, the Court has subject matter jurisdiction, and Plaintiff's Motion to Remand will be denied.

Simmons' alternatively requests a transfer to the Springfield Division of the Central District of Illinois for *forum non conveniens*.  A *forum non conveniens* analysis requires the court to determine whether an adequate alternative forum is available and then weigh the private and public interest factors related to the proper location of the litigation.  Hyatt International Corp. v. Coco, 302 F.3d 707, 718 (7th Cir. 2002).

Here, the alternative forum requested by Simmons has absolutely no connection to this case.  Simmons resides in Macon County, which is within the Urbana Division of this District, and the accident occurred in McLean County, which is within the Peoria Division of this District.  Accordingly, it would not appear that the Springfield Division has any priority regarding access to sources of proof, availability of witnesses, the possibility of viewing the

premises where the accident occurred or any of the other factors traditionally considered as private interests. See In re Bridgestone/Firestone, Inc., 420 F.3d 702, 704 (7th Cir. 2005). The public interest would also weigh against a transfer to the Springfield Division, as that Division would lack any significant interest in having the controversy decided locally, and there is no just reason to inflict "the unfairness of burdening citizens in an unrelated forum with jury duty." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241, n.6 (1981). The Court must therefore conclude that the Springfield Division is not an adequate alternative forum, and Simmons' request must be denied.

## CONCLUSION

For the reasons set forth herein, the Motion for Remand, or in the Alternative, for Transfer to the Springfield Division on Grounds of *Forum Non Conveniens* [#4] is DENIED. This matter is REFERRED to the Magistrate Judge for a Rule 16 conference.

ENTERED this 12th day of September, 2006.

                s/ Michael M. Mihm
                Michael M. Mihm
                United States District Judge